**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| Michala Kulm and Matthew Schipp, | Civil No. 15-2000 (DWF/FLN) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Kent Wilkening, Nobles County Sheriff, in his official and individual capacity; Kathleen A. Kusz, Nobles County Attorney, in her official and individual capacity; Dustin Roemeling, Nobles County Sheriff's Deputy; Deputies John/Jane Does of the Nobles County Sheriff, | |
| Defendants. | |

_____

Bradford W. Colbert, Esq., Legal Assistance to Minnesota Prisoners, and Jonathan Geffen, Esq., Arneson & Geffen, PLLC, counsel for Plaintiffs.

Nathan Midolo, Esq., and Jon K. Iverson, Esq., Iverson Reuvers Condon, counsel for Defendants.

_____

**INTRODUCTION**

This matter is before the Court on a Motion for Summary Judgment brought by Defendants Kathleen Kusz, Nobles County Attorney ("Kusz"), Dustin Roemeling, Nobles County Sheriff's Deputy ("Roemeling"), and Kent Wilkening, Nobles County Sheriff ("Wilkening") (together, "Defendants") (Doc. No. 30) and a Motion for Summary Judgment brought by Plaintiff Michala Kulm ("Kulm" or "Plaintiff") (Doc. No. 38). For

the reasons set forth below, the Court grants in part and denies in part Defendants' motion and denies Plaintiff's motion.

## BACKGROUND

I.  **Background**[1]

On November 25, 2011, Roemeling stopped a car for speeding. (Doc. No. 35 ("Roemeling Aff.") ¶ 2, Ex. 1 ("Roemeling Police Report"); Doc. No. 36 ("Midolo Aff.") ¶ 3, Ex. 2 ("Roemeling Dep.") at 15-16.) James Carter was driving and Kulm was a passenger. (Roemeling Police Report; Roemeling Dep. at 17-18.) When Roemeling approached the vehicle, he smelled marijuana. (Roemeling Police Report; Roemeling Dep. at 16-17.) During the stop, Roemeling's K9 partner alerted to the presence of drugs in the vehicle, and Roemeling found 1.2 grams of marijuana in a bag in the back seat of the vehicle, as well as $465 in a purse that was on the floorboard in front of the passenger seat. (Roemeling Police Report; Roemeling Dep. at 16-20.) Both belonged to Kulm. (Roemeling Police Report; Roemeling Dep. at 16-24; Kulm Dep. at 19.) The car also belonged to Kulm. (Midolo Aff. ¶ 2, Ex. 1 ("Kulm Dep.") at 16, 18.)

Roemeling issued Kulm a citation for possession of marijuana. (Roemeling Dep. at 23; Roemeling Aff. ¶ 3, Ex. 2.) During his deposition, Roemeling stated that he seized the cash and gave Kulm a Notice of Seizure and Intent to Forfeit Property. (Roemeling

---

[1] Plaintiffs concede that Plaintiff Matthew Schipp failed to prosecute his case, and that the claims against John and Jane Does are not actionable. (*See* Doc. No. 32 at 16-19, 21-22; Doc. No. 53 at 2, n.1.) Accordingly, Schipp's claims are dismissed, as are all claims asserted against John and Jane Does. The Court limits its recitation of background facts to those that pertain to Plaintiff Michala Kulm.

Dep. at 27.) Roemeling also testified that he decided to take the money based on his understanding that the seizure was permitted because the money was found in close proximity to a controlled substance. (*Id.* at 28.)

Deputy Roemeling returned to the Nobles County Sheriff's Office, placed the $465 in a currency envelope, and prepared his report. (Roemeling Dep. at 33; Roemeling Aff. ¶ 6, Ex. 5; Roemeling Aff. ¶ 2, Ex. 1 ("Report").) The report, citation, and forfeiture notice were sent to the Nobles County Attorney's Office for review. (Midolo Aff. ¶ 4, Ex. 3 ("Kusz Dep.") at 22-23.) Kulm paid the fine for the citation. (*Id.* at 25.) Kulm did not contact the Nobles County Attorney's Office or the Nobles County District Court regarding the seized funds and did not seek a judicial determination regarding forfeiture. (*Id.* at 25-26.) On March 9, 2012, the Nobles County Attorney's Office sent a memorandum to the Sheriff's Office indicating that the forfeiture had been reviewed, Kulm had not taken any action, and that the property could be disposed as provided by the law. (Doc. No. 33 ("Kusz Aff.") ¶ 2, Ex. 1.) The funds were then administratively forfeited. Neither the Sherriff's Office nor the County Attorney produced a statement of probable cause before disposing of Kulm's money.[2]

---

[2] Defendants argue that Roemeling, in his police report, provided the basis for stopping Kulm and probable cause for the seizure, and that Kusz subsequently evaluated whether there was a proper basis for the forfeiture, which included whether there was probable cause. (Kusz Dep. at 46.) For example, Defendants submit evidence of Kusz's March 9, 2012, Memorandum to Nobles County Sheriff's Department, which stated that "the property is therefore forfeit[ed] and may be disposed of according to statute." (Kusz Aff. ¶ 2, Ex. 1.) While Defendants submit that Kusz determined probable cause in preparing the memo, they do not dispute that the memo does not specifically address probable cause.

Kulm filed the present action asserting the following claims: (1) unreasonable seizure due to lack of probable cause under the Fourth Amendment of the United States Constitution (Count One); (2) lack of probable cause under Article I, Section 10 of the Minnesota Constitution (Count Two); (3) due process violation under the Fourteenth Amendment of the United States Constitution (Count Three); (4) due process violation under Article I, Section 7 of the Minnesota Constitution (Count Four); and (5) failure to perform the required probable cause determination under Minn. Stat. § 609.5315 (Count Five). (Doc. No. 56, Am. Compl. ¶¶ 26–52.)

Kulm and Defendants filed cross-motions for summary judgment. (Doc. Nos. 30, 38.) The Court considers both motions below.

## DISCUSSION

### I. Legal Standard

Summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Courts must view the evidence and all reasonable inferences in the light most favorable to the nonmoving party. *Weitz Co., LLC v. Lloyd's of London*, 574 F.3d 885, 892 (8th Cir. 2009). However, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996). A party opposing a properly supported motion for summary judgment "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *see also Krenik v. Cty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995).

## II.     Minnesota's Administrative Forfeiture Law

The Minnesota Legislature created a scheme permitting forfeitures of property used in connection with drug crimes. Under Minnesota law:

> All property, real and personal, that has been used, or is intended for use, or has in any way facilitated, in whole or in part, the manufacturing, compounding, processing, delivering, importing, cultivating, exporting, transporting, or exchanging of contraband or a controlled substance that has not been lawfully manufactured, distributed, dispensed, and acquired is subject to forfeiture under this section, except as provided in subdivision 3.

Minn. Stat. § 609.5311, sub. 2(a). The Legislature explained that the purposes of the forfeiture laws are:

> (1) to enforce the law; (2) to deter crime; (3) to reduce the economic incentive to engage in criminal enterprise; (4) to increase the pecuniary loss resulting from the detection of criminal activity; and (5) to forfeit property unlawfully used or acquired and divert the property to law enforcement purposes.

Minn. Stat. § 609.531, subd. 1a. The Legislature also delineated two types of forfeiture procedures—judicial and administrative. *See* Minn. Stat. §§ 609.5313–609.5314. Both procedures may be initiated to confiscate certain properties found in proximity to controlled substances.

"All money . . . found in proximity to . . . controlled substances" is presumed to be subject to administrative forfeiture. Minn. Stat. § 609.5314, subd. 1(a)(1)(i). In the case of an administrative forfeiture, the county seizes the property and gives notice to all persons known to have an ownership or possessory interest in the property of the intent to forfeit and informs them that they may demand judicial review of the forfeiture. *Id.* § 609.5314, subds. 2, 3. If a claimant chooses not to contest the forfeiture, the property is forfeited in 60 days. *Id.* § 609.5314, subd. 3(a). The presumption of administrative forfeiture assists the state in meeting "its initial burden to produce evidence in a judicial proceeding commenced by a claimant under Minn. Stat. § 609.5314, subd. 3." *Rife v. One 1987 Chevrolet Cavalier*, 485 N.W.2d 318, 322 (Minn. Ct. App. 1992).

However, Minnesota law also provides the following:

> If property is forfeited administratively under section 609.5314 . . . and no demand for judicial determination is made, the appropriate agency shall provide the prosecuting authority with a copy of the forfeiture or evidence receipt, the notice of seizure and intent to forfeit, *a statement of probable cause for forfeiture of the property*, and a description of the property and its estimated value. Upon review and certification by the prosecuting authority that (1) the appropriate agency provided a receipt in accordance with section 609.531, subdivision 4, or 626.16; (2) the appropriate agency served notice in accordance with section 609.5314, subdivision 2, or 609.5318, subdivision 2; and (3) *probable cause for forfeiture exists based on the officer's statement*, the appropriate agency may dispose of the property in any of the ways listed in subdivision 1.

Minn. Stat. § 609.5315, subd. 2 (emphases added). The administrative forfeiture procedure thus provides a streamlined process for uncontested forfeitures, avoiding unnecessary judicial hearings when forfeitures are not challenged. *See Blanche v. 1995 Pontiac Grand Prix*, 599 N.W.2d 161, 165 (Minn. 1999). Both the Nobles County

6

Sheriff's Office and the Nobles County Attorney's Office have policies regarding forfeitures. (*See* Doc. No. 34 ("Wilkening Aff.") ¶ 2, Ex. 1 (Policy Manual); Kusz Aff. ¶ 5, Ex. 4.)

### III. Motions for Summary Judgment

Defendants move for summary judgment on all of Kulm's claims. Kulm moves for summary judgment on her illegal seizure, due process, and Minnesota statutory claims. Because the parties' motions overlap, the Court will address the issues raised by the parties' motions simultaneously.

#### A. Federal Rule of Civil Procedure 5.1

As an initial matter, Defendants argue that Kulm's constitutional claims should be dismissed because Kulm failed to comply with Federal Rule of Civil Procedure 5.1. That rule provides:

> **(a) Notice by a Party**. A party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute must *promptly*:
> **(1)** file a notice of constitutional question stating the question and identifying the paper that raises it, if:
> . . .
> **(B)** a state statute is questioned and the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity; and
> **(2)** serve the notice and paper on the . . . state attorney general if a state statute is questioned—. . . .

Fed. R. Civ. P. 5.1 (emphasis added).

On April 16, 2015, Kulm initiated this action and asserted claims challenging the constitutionality of Minnesota's Forfeiture Statute. Defendants point out that, as of the

7

time the parties filed their cross-motions for summary judgment on May 27, 2016, Kulm had not filed notice pursuant to Rule 5.1. Rather, Kulm filed a Notice of Constitutional Challenge to Statute on June 14, 2016. (Doc. No. 51.) Kulm asserts that this notice is sufficient, relying on the fact that there is no explicit time frame provided for filing notice under Rule 5.1. The Court notes, however, that the statute does require a notice to be filed "promptly." While it is questionable whether Kulm filed the notice "promptly," the Court concludes that the notice is sufficient in this case, and the Court will reach the merits of Plaintiff's claims below.

### B. Federal Constitutional Claims

#### 1. Unreasonable Seizure

In Count One of her Amended Complaint, Kulm argues that Defendants violated the Fourth Amendment by seizing her money absent any evidence, or probable cause, that the money was used in criminal activity. Specifically, Kulm argues that a county must have probable cause that property is associated with criminal activity to constitutionally seize that property. Kulm argues that Roemeling located 1.2 grams of marijuana in the back seat of the car in which she was traveling and seized Plaintiff's $465 because it was "within proximity" to the marijuana, not because he had probable cause to believe the money was connected to any criminal wrongdoing associated with the controlled substance. Kulm argues that, under these facts, she is entitled to judgment on this claim as a matter of law. Defendants, however, submit that Kulm has failed to allege a viable claim for an unconstitutional seizure. Defendants argue that under the

forfeiture statute, which specifically authorizes a statutory presumption of forfeitability for money found in proximity to a controlled substance, the seizure was reasonable under the Fourth Amendment.

The Fourth Amendment protects against two distinct governmental actions—unreasonable searches and unreasonable seizures. *PPS, Inc. v. Faulkner Cty., Ark.*, 630 F.3d 1098, 1102 (8th Cir. 2011). A "seizure" of property occurs when "there is some meaningful interference with an individual's possessory interests in that property." *See Soldal v. Cook County*, 506 U.S. 56, 61 (1992) (citation omitted). The reasonableness requirement compels a balancing of competing interests. *Id*. at 71. The Court must also consider Kulm's Fourth Amendment claim in the context of Defendants' argument that they are entitled to qualified immunity.

The doctrine of qualified immunity protects state actors from civil liability when their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The defense provides "ample room for mistaken judgments" as it protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 343 (1986). To overcome the defense of qualified immunity, a plaintiff must show that: (1) the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) the right was clearly established at the time of the deprivation. *Parrish v. Ball*, 594 F.3d 993, 1001

(8th Cir. 2010) (citation omitted).[3] The Court has discretion to decide which qualified immunity prong to consider first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Denial of qualified immunity is appropriate where "a genuine issue of material fact exists as to whether a reasonable officer could have believed his actions to be lawful." *Craighead v. Lee,* 399 F.3d 954, 960-61 (8th Cir. 2005) (citation omitted).

Here, Kulm's money was seized pursuant to a statutory presumption. Defendants argue that the seizure was therefore reasonable and cite to cases wherein courts have upheld the seizure of property under statutory presumptions. *See, e.g.*, *United States v. One 1980 Red Ferrari*, 875 F.2d 186, 188-89 (8th Cir. 1989) (affirming grant of summary judgment and holding that the seizure of a vehicle under Iowa's forfeiture statute was reasonable); *Booker v. City of St. Paul*, Civ. No. 12-203, 2013 WL 4015352, at *14 (D. Minn. Aug. 6, 2013) (upholding the constitutionality of Minnesota's Vehicle Forfeiture Act and holding that it does not violate prohibitions against unreasonable seizures); *Swanda v. Choi*, Civ. No. 10-970, 2012 WL 3839334, *9 (D. Minn. Aug. 3, 2012) ("All $8,564.00 seized in the traffic stop was forfeited under Minn. Stat. § 609.5413, which provides a presumption that all money found in proximity to a controlled substance is subject to forfeiture.").

---

[3] A clearly established right is one that is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012) (internal quotation marks and alteration omitted). "We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al–Kidd*, 563 U.S. 731, 741 (2011).

Kulm, on the other hand, argues that when Roemeling seized her money, he did not have probable cause to believe that the money was associated with a controlled substance offense. Thus, Kulm maintains that the seizure was unreasonable. Kulm cites cases in support of the proposition that Roemeling was required to have probable cause to believe that the money seized was connected to a drug offense prior to seizing the money. *See, e.g.*, *Soldal v. Cook County*, 506 U.S. 56, 66 (1992) ("In the absence of consent or a warrant permitting the seizure of the items in question, such seizures can be justified only if they meet the probable-cause standard."); *Warden, Maryland Penitentiary v. Hayden*, 387 U.S. 294, 307 (1967) (requiring a nexus between the item to be seized and criminal behavior).[4]

Minnesota Statute § 609.5314, subd. 1(a)(1)(i)—the statutory provision upon which Roemeling relied—expressly states that money "found in proximity to controlled substances" is presumed to be subject to administrative forfeiture. Under the statutory forfeiture scheme, when money is seized based on that presumption, the claimant has the burden of rebutting the presumption. *State v. Rosenfeld*, 540 N.W.2d 915, 924 (Minn. App. 1995). There is no dispute that Roemeling found both marijuana and money in Kulm's car and, based on the proximity of the two, seized the money. While the Court is cognizant that the facts in this case (the relatively small amounts of marijuana and money) might suggest that the money was not connected to criminal activity, it cannot be said that Roemeling's decision to seize the money pursuant to the forfeiture presumption

---

[4] The Court notes that neither *Soldal* nor *Warden* involves a seizure pursuant to statutory presumptions.

was unreasonable. Moreover, to the extent that Roemeling seized Kulm's money under the belief that the seizure was lawful under the statutory presumption, that belief was also reasonable. While none of the cases cited by the parties is directly on point, Kulm has not pointed to clear precedent indicating that the seizure of Kulm's money— which was found during a valid search, in proximity to a controlled substance, and pursuant to the presumption—was a clearly established violation of Kulm's constitutional rights such that no reasonable officer could have believed that the seizure was lawful. Accordingly, Officer Roemeling is entitled to qualified immunity for the seizure of Kulm's money.[5]

### 2.   Due Process[6]

In Count Three, Kulm argues that Defendants violated her right to substantive due process. In particular, Kulm argues that she has a constitutionally protected interest in her money and that Defendants interfered with that right in a way that "shocks the conscience" when they forfeited her property without evidence of belief that her money

---

[5]   Defendants argue, in a single footnoted sentence, that Kusz, as county attorney, is entitled to prosecutorial immunity. (Doc. No. 32 at 40 n.7.) Without more, the Court cannot properly evaluate that argument.

[6]   Kulm initially appeared to argue that Defendants had violated her procedural due process rights. In response to that claim, Defendants argued that Kulm failed to exhaust her state remedies and to allege a cognizable violation of her procedural due process rights. However, in her opposition, Kulm appears to concede that she does not have a procedural due process claim and does not contest Defendants' argument that she failed to allege such a claim. Instead, Kulm asserts that Defendants violated her substantive due process rights. In addition, in support of her motion for summary judgment, Kulm makes a procedural due process claim in her opening brief, but shifts to a substantive due process claim in her reply. The Court concludes that Kulm has abandoned her procedural due process claim and addresses only her substantive due process claim.

was associated with a controlled substance crime.  In support, Kulm argues that even after she failed to demand a judicial determination, Defendants were required to make a showing of probable cause.

In his deposition, Roemeling testified that he seized Kulm's money and gave Kulm a notice of forfeiture based on his understanding of the Sheriff's policy that "any time the cash is in close proximity to controlled substances, we're allowed to forfeit the property."  (Roemeling Dep. at 28.)  After receiving "Notice of Seizure and Intent to Forfeit Property," Kulm did not file a demand for a judicial determination regarding her forfeiture.  The money was eventually administratively forfeited.  While there is no evidence that the Sheriff's Office made a formal or documented finding of probable cause for forfeiture of the property, or that the County Attorney formally reviewed and certified the existence of probable cause, Defendants argue that they properly considered whether there was probable cause.[7]

The Due Process Clause of the Fourteenth Amendment of the United States Constitution provides that "[n]o state shall . . . deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV § 1.  "[T]he Due Process Clause contains a substantive component that bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (internal quotation omitted); *see also Cnty. of*

---

[7] The Court determines that there is a genuine issue of fact as to whether Defendants considered if there was probable cause during the administrative forfeiture proceedings.

*Sacramento v. Lewis*, 523 U.S. 833, 845 (1998) (noting that the Supreme Court has "emphasized time and again that the touchstone of due process is protection of the individual against arbitrary action of government") (internal quotation omitted). Substantive due process protects individuals against two types of government action: action that "shocks the conscience" or "interferes with rights implicit in the concept of ordered liberty." *United States v. Salerno*, 481 U.S. 739, 746 (1987). To prevail on a substantive due process claim, Kulm must demonstrate that Defendants "engaged in conduct that is so outrageous that it shocks the conscience or otherwise offends judicial notions of fairness, [or is] offensive to human dignity." *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (citation omitted).

In this case, there is no dispute that Defendants seized Kulm's money after it was located in proximity to a controlled substance. Minnesota law specifically provides that money found in such proximity is presumed subject to forfeiture. As discussed above, based on these facts, it cannot be said that Roemeling's actions in initially seizing the money were "truly irrational" and "conscience-shocking." Instead, Roemeling initially seized the money pursuant to the reasonable belief that if the money were located in proximity to the controlled substance, the money was presumptively forfeitable. Accordingly, no reasonable juror could conclude that Kulm's substantive due process rights were violated with respect to the initial seizure.

However, insofar as the administrative forfeiture of Kulm's money is concerned, Kulm has raised a fact issue as to whether there was proper consideration of probable

cause. In particular, considering that neither the Nobles County Sheriff nor the Nobles County Attorney specifically addressed or documented probable cause, it is possible that a reasonable juror could conclude that Defendants forfeited Kulm's money without properly considering probable cause. It is also possible that a reasonable juror could conclude that such forfeiture would "shock the conscience" and offend judicial notions of fairness. Thus, Kulm's substantive due process claim, to the extent that it pertains to the forfeiture of the money without a probable cause determination, is properly decided by a jury.

### 3. *Monell* Claim

Kulm also argues that both the Nobles County Sheriff and the Nobles County Attorney are liable because they have an unconstitutional policy that permitted the seizure and forfeiture of property based on proximity to, rather than association with, controlled substances. Defendants argue that Nobles County is entitled to summary judgment on Kulm's *Monell* claims because there was no constitutional violation pursuant to Minnesota's forfeiture statute, and for the additional reason that there are no facts establishing that any violation was caused by an unconstitutional policy, custom, or practice.

A suit against a public official in his or her official capacity is actually a suit against the entity for which the official is an agent. *See Parrish v. Ball*, 594 F.3d at 997. Thus, to sustain the action against the officials in their official capacity, Kulm must prove that Nobles County is liable. It is well established that a governmental entity cannot be

held liable under § 1983 on a respondeat superior theory. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). For a municipality to be liable under § 1983, a plaintiff must prove that a municipal policy or custom was the "moving force [behind] the constitutional violation." *Id.* at 694.

Here, Kulm's *Monell* claim against Nobles County fails as to her unlawful seizure claim because, as discussed above, Roemeling is entitled to qualified immunity on that claim. Without a constitutional violation, there can be no claim against Nobles County. *See Sanders v. City of Minneapolis*, 474 F.3d 523, 527 (8th Cir. 2007). In addition, with respect to Kulm's due process claim related to the Nobles County Sheriff's and the Nobles County Attorney's failure to make a probable cause determination prior to forfeiting Kulm's money, the claim also fails. Even if a juror were to conclude that the Sheriff and County Attorney failed to make a probable cause determination prior to forfeiting Kulm's money and that the failure amounted to a substantive due process violation, Kulm has not pointed to record evidence that this failure was part of a municipal policy or custom that was a "moving force" behind the constitutional violation. Accordingly, any *Monell* claim is properly dismissed.

    C.    **State Claims**

        1.    **Minnesota Constitution**

In Counts Two and Four, Kulm claims that Defendants violated her rights under the Minnesota Constitution, paralleling her federal unlawful seizure and due process claims. Defendants argue that Minnesota Courts do not recognize a private cause of

action for damages based on violations of the Minnesota Constitution. In support, Defendants cite to *Jihad v. Fabian*, Civ. No. 09-1604, 2011 WL 1641885 (D. Minn. Feb. 17, 2011). In *Jihad*, the Court recognized that Minnesota has not enacted a statute that is equivalent to § 1983, which provides a private right of action for violations of the U.S. Constitution. *Jihad*, 2011 WL 1641885, at *8; *see also Guite v. Wright,* 976 F. Supp. 866, 871 (D. Minn. 1997), *aff'd on other grounds*, 147 F.3d 747 (8th Cir. 1998). Kulm argues that the law in this area is not well-settled and that she should be entitled to a recovery under the Minnesota Constitution. Kulm, however, does not cite to any new controlling or persuasive authority on the issue, and the Court finds Kulm's argument on this point unpersuasive. Accordingly, the Court concludes that Kulm's claims under the Minnesota Constitution are properly dismissed.

### 2. Minnesota Statutory Claim

In Count Five, Kulm asserts a claim under Minn. Stat. § 609.5315. In particular, Kulm alleges that the Nobles County Sheriff's Office failed to provide a statement of probable cause to the Nobles County Attorney and that the County Attorney failed to review the forfeiture paperwork as required under the statute.

A statute does not confer a private cause of action unless it does so expressly or by clear implication. *Thelen v. City of Elba*, Civ. No. 08-1150, 2009 WL 2208161, *5 (D. Minn. July 22, 2009); *Milliman v. Cty. of Stearns*, Civ. No. 11-3636, 2012 WL 4470284, *5 (D. Minn. May 30, 2012). There is no dispute that Minnesota Statute § 609.5315 does not explicitly create a private right of action. Kulm argues, however, that the clear

implication is that there is a private cause of action because Kulm is within the class of persons who benefit from the statute, without a private action there is no way to seek redress, and inferring a private remedy is consistent with the statute's purpose. The Court disagrees. The statute, which is listed under the subdivision "disposition of administratively forfeited property," appears to be designed to provide guidance on the disposition of administratively forfeited properties. There is nothing in the language of the statute that would imply that the Legislature intended to create a private right of action. Moreover, to the extent that the Sheriff's Office or County Attorney fails to dispose of property in a way that is consistent with constitutional protections, a claimant has a remedy. For these reasons, the Court grants judgment in favor of Defendants on Kulm's statutory claims.

## CONCLUSION

While a portion of Kulm's due process claim survives Defendants' motion for summary judgment, the Court notes that this was a close case. A victory at this stage of the litigation is no guarantee that Kulm will ultimately prevail at trial. The Court believes that settlement would serve the interests of all parties.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion for Summary Judgment (Doc. No. [30]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

        a.      Counts One, Two, Four, and Five are **DISMISSED WITH PREJUDICE**.

        b.      Count Three is **DISMISSED** only insofar as it is based on the initial seizure by Defendant Reomeling.  Count Three survives insofar as it pertains to the administrative forfeiture of the money.

2.     Kulm's Motion for Summary Judgment (Doc. No. [38]) is **DENIED**.

3.     Plaintiff Schipp's claims are **DISMISSED** and Plaintiff Schipp is terminated as a party.

Dated:  December 22, 2016        s/Donovan W. Frank
                                                 DONOVAN W. FRANK
                                                 United States District Judge